# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

**GARY NELOMS,**

    **Plaintiff;**

**vs.**

Case No.: _____

**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., WESTROCK COMPANY, and WESTROCK COMPANY GROUP BENEFIT PLAN;**

    **Defendants.**

---

## COMPLAINT

---

COMES NOW Plaintiff, Gary Neloms [hereinafter "**Plaintiff**" or "**Mr. Neloms**"], by and through his attorneys, and for his Complaint against Defendants, Sedgwick Claims Management Services, Inc., WestRock Company, and WestRock Group Benefit Plan, states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of the WestRock Group Benefit Plan [hereinafter the "**Plan**"]; which was (and is) administered and/or managed by Sedgwick Claims Management Service, Inc. [hereinafter "**Sedgwick**"] for the benefit of certain employees of WestRock Company [hereinafter "**WestRock**"]. In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States

("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Any and all administrative remedies have now been exhausted by Plaintiff; alternatively, such remedies may be deemed exhausted or rendered moot by futility. *See*, **Sedgwick Claim No.:30192480389-0001**.

3. Venue is proper in the Eastern District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Mr. Neloms resides in Chattanooga, Tennessee, and a substantial part of the events, transactions, and occurrences material to his claim for disability took place within the Eastern District of Tennessee.

5. At all times relevant hereto, Mr. Neloms was an "employee" of WestRock, that being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as a supervisor at WestRock; however, due to his established disability, he last worked there in or about early May, 2019.

6. At all times relevant hereto, WestRock was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Sedgwick was the claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Sedgwick was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) and (21).

8. At the times relevant hereto, Sedgwick acted as agent for the Plan and for Plan

2

Sponsor/Plan Administrator WestRock.

9. Under the Plan, WestRock or the Plan delegated or assigned to Sedgwick the claims-fiduciary and claims-administrator duties for the Plan; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to his employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan provided generally for payment of disability benefits (in this case, short-term disability ["STD"]) if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The Plan defines Disability as follows:

You 1. are unable to perform the duties of your occupation on a full-time or part-time basis because of illness or Injury that started while covered under this Plan and are receiving treatment which your Physician certifies to impair your ability to function safely within the work environment and poses significant risk to yourself and/or others; 2. do not work at all in any occupation; and 3. are under the appropriate treatment and care of a Physician who has documented that the employee is totally disabled and cannot work.

**STATEMENT OF FACTS**

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Plaintiff is currently 57 years old, and his date of birth is in February, 1963.

15. Plaintiff worked for WestRock for approximately thirty-three (33) years; date of hire was in August, 1986. When he last worked there, he was working as supervisor and earning an annual compensation of approximately $83,093.00.

16. Owing to his established medical disability, Mr. Neloms was forced to stop working on March 30, 2019. After receiving some medical treatment, he attempted to return to work for a brief period in early May, 2019 (approx. 3 days); however, he was then restricted from working by his treating neurologist, Dr. Nathan Wyatt. He has not returned to work since early May, 2019, nor has he been released to return to work.

17. The fundamental medical condition that forms the basis for Plaintiff's disability is debilitating migraine headaches; however, he also suffers from additional physical issues – he has neck and back pain caused by degenerative disc disease at C6-7 with a central disc protrusion and bilateral spurring, central disc bulge at C3-4, arthritis of the neck, COPD, hypothyroidism, right arm paresthesia, hypertrophy of nasal turbinates, chest pain/cardiac issues with severe dizziness and blackouts, and memory loss. Other issues are mental (depression, PTSD, bipolar).

18. Based on his employment by WestRock, Mr. Neloms was eligible and applied for STD benefits pursuant to the terms of the Plan. Sedgwick approved/paid certain STD benefits; upon information and belief, STD was paid for the approximate period of May 15, 2019 through August 15, 2019. However, no further benefits have been paid; full-term STD benefits should have covered approximately 26 weeks.

19. In telephone conversation(s) with undersigned counsel's office, Sedgwick has contended that Mr. Neloms' file was simply "closed" – this because he had returned to work.

21. To date, Sedgwick has not issued an explicit or direct denial or termination letter; in any event, despite due administrative appeal(s) by or on behalf of Plaintiff, Defendants have

continued to deny STD benefits.

22. Any and all applicable premiums, contributions, and/or payments necessary to establish STD benefits coverage under the Plan have been fully paid, funded or otherwise satisfied.

23. Plaintiff has filed or caused to be filed notice or proof of claim or loss, and performed any and all other conditions precedent to recovering STD benefits under the Plan.

24. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan; such that full-term STD benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical providers, who have confirmed his continuing inability to work.

25. Under any ERISA standard of review that may apply,[1] the position taken by Defendants in denying Mr. Neloms' claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis and decision by Defendants were wrong, as well as arbitrary and capricious, under the circumstances presented.

26. Further, Defendants' denial of benefits must be reversed to the extent that Plaintiff was not afforded reasonable opportunity for a full and fair review; this includes the fact that Sedgwick has steadfastly refused to formally acknowledge and consider Plaintiff's appeal. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

27. Plaintiff is entitled to all past due STD benefits, as well as any other related (companion) benefits that were provided under the Plan during that time frame. He is *also* entitled to apply for any and all applicable long-term disability ["LTD"] benefits available based on his

---

[1] Plaintiff respectfully reserves all points and arguments regarding the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

5

employment by WestRock.

28. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint, incorporating them by reference herein as if specifically restated.

30. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all STD and related benefits due pursuant to the Plan at issue. Further, Plaintiff specifically requests that Defendants or their agent(s) promptly allow him to make a formal claim for LTD benefits for which he is generally eligible under the Plan or a companion Plan sponsored or maintained by or on behalf of WestRock (*efforts by undersigned counsel to accomplish same have been thwarted to-date). That is, this is an action by a plan participant seeking recovery of benefits, plus clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq*., in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendants; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or

otherwise) that Defendants or their designee pay to Plaintiff any and all STD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan at issue, under ERISA law, and subject to the proof;

      B.     That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

      C.     That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded;

      D.     That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

[3] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

Defendants render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's STD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

  E. That Plaintiff be permitted to apply for all LTD benefits available based on his employment by WestRock;

  F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

  G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend/supplement this lawsuit and the Prayer for Relief based on additional facts/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff. This includes, without limitation, amending the lawsuit if/when Plaintiff's application for Social Security disability benefits is granted (in which case the Administrative Record should be supplemented).

  Dated this <u>11th</u> day of June, 2020.

              **Respectfully Submitted,**

              CODY ALLISON & ASSOCIATES, PLLC

              <u>/s/ K. Cody Allison</u>
              K. Cody Allison, BPR No. 20623
              Samuel D. Payne, BPR No. 19211
              Lauren W. Travis, BPR No. 32473
              Parkway Towers
              404 James Robertson Pkwy, Ste. #1623
              Nashville, Tennessee 37219
              Phone: (615) 234-6000
              Fax: (615) 727-0175
              cody@codyallison.com
              sam@codyallison.com
              lauren@codyallison.com

8

Case 1:20-cv-00147-CLC-SKL  Document 1  Filed 06/11/20  Page 8 of 9  PageID #: 8